UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC ANDREW PEREZ,<br><br>                Plaintiff,<br><br>-against-<br><br>ANDREW CARRIÓN JR., Commissioner NYC HPD; KIM TRULUCK, Section 8; RACQUEL URENA, FSS,<br><br>                Defendants. | 1:22-CV-7511 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Eric Andrew Perez, who appears *pro se*, brings this action asserting claims under federal law and state law. He sues: (1) Andrew Carrión Jr., Commissioner of the New York City Department of Housing Preservation and Development ("HPD"); (2) Kim Truluck, an HPD Section 8 Representative; and (3) Racquel Urena, an HPD Family Self-Sufficiency ("FSS") Program Specialist/Case Manager. In his complaint, Plaintiff asserts claims of criminal violations. He also purports to assert federal civil claims under, among other statutes, the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

      Plaintiff seeks damages and injunctive relief. The injunctive relief that Plaintiff seeks in his complaint includes: (1) "[a] temporary injunction against any adverse actions taken by the . . . HPD Section 8 not limited to the termination of his Section 8 benefits [sic]," (2) a referral of this action to the United States Department of Housing and Urban Development and to the Criminal Division of the United States Attorney's Office for the Southern District of New York, (3) "[a] full audit of [Plaintiff's] escroll account," (4) a "[r]esponse from the Home Buyers Program," and (5) an "[i]nvestigation into the misuse of [Plaintiff's] identity by HPD." (ECF 2, at 10-11.)

Plaintiff has also filed an application for a temporary restraining order ("TRO application") in which he asks the Court to issue immediate injunctive relief "to stop an adverse action the[] defendants and unknown may take in [his] Section 8 [sic]." (ECF 10, at 3.) He further asks, in that application, that the Court order "his Rent Breakdown and amount remain at [$]1372 and that [he] be granted all and any relief he is entitled to as a disabled veteran." (*Id.*)

In addition, Plaintiff has filed an application for the Court to request *pro bono* counsel (ECF 5), a request that the defendants be served (ECF 7), a "Motion for CM/ECF User Name and Password" (ECF 8), and a motion for leave to amend his complaint to attach additional exhibits. (ECF 9).

By order dated September 2, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff 30 days' leave to file an amended complaint. In granting Plaintiff leave to replead, the Court grants Plaintiff's motion for leave to amend his complaint. The Court denies without prejudice Plaintiff's "Motion for CM/ECF User Name and Password," application for the Court to request *pro bono* counsel, request that the defendants be served, and TRO application.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that he is a disabled veteran who suffers from a traumatic brain injury and post-traumatic stress disorder. In his complaint, and in his TRO application, Plaintiff makes many accusations about government officials, including law-enforcement officials, allegedly conspiring with criminals in order to injure him. At their core, Plaintiff's complaint and TRO application assert that Defendants Truluck and Urena, both HPD officials, have informed him

3

that the HPD has either reduced or terminated, or is about to reduce or terminate, its contribution to Plaintiff's government-subsidized ("Section 8") apartment rental expenses. Plaintiff also seems to allege that the HPD has mismanaged his contributions to an HPD Family Self-Sufficiency ("FSS") Program escrow account, and has failed to consider his application for an HPD Home Buyers Program.

## DISCUSSION

### A.   Private prosecution

Plaintiff's claims in which he seeks the criminal investigation and prosecution of the defendants must be dismissed. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Plaintiff cannot direct prosecutors to initiate a criminal proceeding against any defendant because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), the Court dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of any of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation omitted).

### B.   *Mandamus* relief

To the extent that Plaintiff seeks *mandamus* relief from the Court, under 28 U.S.C. § 1361, in order to compel the defendants to, among other things, conduct an audit of his FSS escrow account and conduct an investigation, the Court must dismiss these claims. Under

Section 1361, *mandamus* relief is available only against a federal officer, employee, or agency. *See* 28 U.S.C. § 1361. Plaintiff has named as defendants officers of a New York City agency – the HPD. The Court therefore dismisses Plaintiff's claims for *mandamus* relief for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  **Remaining claims under federal law against Carrión, Truluck, and Urena**

Because Plaintiff's remaining claims under federal law arise from the HPD's actual or pending reduction or termination of his Section 8 benefits and/or FSS benefits, and because Plaintiff does not allege that the HPD or any of the defendants – all HPD officials – have discriminated against him or have caused him to be a victim of racketeering, the Court construes Plaintiff's remaining claims under federal law as claims brought, not under the FHA, ADA, or RICO, but under 42 U.S.C. § 1983, asserting violations of Plaintiff's constitutional rights to substantive and procedural due process.

1.  **Failure to investigate**

To the extent that Plaintiff asserts substantive due process claims under Section 1983 arising from government officials' alleged failure to investigate potential or actual harm to him with regard to his participation in the Section 8 and/or FSS programs, the Court must dismiss these claims. Government officials generally have no federal constitutional duty to investigate or protect an individual from harm. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *e.g.*, *Baltas v. Jones*, 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'") (citation omitted); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an

adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983.") (internal quotation marks and citation omitted).

There are two recognized exceptions to this general rule: (1) "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200 ("The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – *e.g.,* food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause."); (2) when government officials affirmatively create or increase danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that a government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

Plaintiff does not allege any facts suggesting that either of these two exceptions is applicable here. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

   2.   **Claims under Section 1983 against Carrión**

To state a claim under Section 1983 against an individual defendant, a plaintiff must allege facts showing that individual defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under

Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts about HPD Commissioner Carrión. The Court therefore dismisses Plaintiff's claims under Section 1983 against Commissioner Carrión for failure to state a claim on which relief may be granted. *See* § 1915(e)(B)(ii). The Court, however, grants Plaintiff leave to replead his claims under Section 1983 against Commissioner Carrión in an amended complaint.

   3.   **Claims under Section 1983 against Truluck and Urena**

The Court construes Plaintiff's complaint and TRO application as raising claims under Section 1983 against Truluck and Urena in which he asserts that those defendants have violated his right to procedural due process with regard to his Section 8 benefits and/or FSS benefits. "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *see also Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998) (To state a procedural due process claim, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law."). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

"Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972). Courts have regarded government-issued housing subsidies, including Section 8 benefits, as property interests that are subject to procedural due process protections. *See, e.g.*, *Hardee v. City of New Rochelle Section 8 Hous. Agency*, No. 18-CV-11215, 2019 WL 3564550, at *4 (S.D.N.Y. Aug. 6, 2019).

Where the government deprives a plaintiff of some property interest pursuant to an established procedure,[1] procedural due process is generally satisfied so long as some form of hearing is provided before the individual is deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, a government official's random and unauthorized act does not violate procedural due process if a meaningful post-deprivation remedy is available; when the government cannot predict precisely when the loss of the property interest will occur, it would be impossible to provide a meaningful hearing *before* the deprivation of the property interest. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v Williams*, 474 U.S. 327, 330-31 (1986); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation . . . when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty.")

---

[1] Conduct is undertaken in accordance with established state procedures when, for example, it is "'pursuant to a statute, code, regulation, or custom,'" or is the result of a decision made by a high-ranking official with "'final authority over significant matters,'" *see Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. Alliance LLC v. City of New York Dep't of Fin.,* 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

(italics in original). "[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, [however,] there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991).

With respect to government-issued housing benefits, including Section 8 benefits, federal law and regulations require that before a recipient of those benefits is subjected to a proposed adverse housing action, the recipient is entitled to notice of the proposed adverse action and a pre-deprivation hearing to contest the adverse action. *See Rios v. Town of Huntington Hous. Auth.*, 853 F. Supp. 2d 330, 335-36 (E.D.N.Y. 2012) (quoting 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.555(e)). If, however, a recipient is subjected to an adverse housing action due to a random and unauthorized act of a government official, then the recipient may challenge the adverse action in a post-deprivation proceeding under state law, such as in a state-court proceeding brought under Article 78 of the New York Civil Practice Law and Rules ("Article 78"). *See id.* at 338-41.

Plaintiff seems to allege that Truluck's and Urena's notifications to him about an actual or proposed reduction or termination of his government-issued housing benefits have been done via an established procedure. If so, Plaintiff has alleged no facts showing that he has been denied procedural due process (*i.e.*, notice and a hearing, etc.), or that any procedural due process provided or to be provided is inadequate, prior to his government-issued housing benefits being reduced or terminated. To the extent that Plaintiff asserts claims that his government-issued housing benefits have already been reduced or terminated randomly and without authorization, Plaintiff has alleged no facts showing that he pursued relief in the state courts under Article 78 or why such relief is inadequate. Thus, because Plaintiff alleges no facts showing that he has been

9

denied procedural due process with respect to his claims under Section 1983 against Truluck and Urena, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts showing how he has been denied procedural process with regard to either an actual or proposed adverse action regarding his government-issued housing benefits.

**D.     TRO application**

The Court must deny Plaintiff's TRO application. To obtain immediate injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm; and (2) either (a) a likelihood of success on the merits of his case, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000) (citation omitted). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

For the reasons discussed above, Plaintiff's submissions do not suggest a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. Accordingly, the Court denies Plaintiff's TRO application, but without prejudice to renewal once Plaintiff has filed an amended complaint.

E.	**Plaintiff's application for the Court to request *pro bono* counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because the Court has dismissed this action, but has granted Plaintiff leave to replead his claims under Section 1983 in an amended complaint, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date, after he has filed an amended complaint.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for failure to state a claim on which relief may granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), but grants Plaintiff 30 days' leave to replead his claims under Section 1983 in an amended complaint. The Court therefore grants Plaintiff's motion to amend his complaint. (ECF 9). The Court denies Plaintiff's "Motion for CM/ECF User Name and Password" (ECF 8) without prejudice to Plaintiff's filing a motion for permission for electronic case filing with the court after he has completed all of the relevant requirements. The Court denies Plaintiff's request that the defendants be served (ECF 7), his application for the Court to request *pro bono* counsel (ECF 5), and his TRO application (ECF

10) without prejudice to Plaintiff's seeking such relief again after he has filed an amended complaint.

If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause to excuse such failure, the Court will enter judgment dismissing this action. The judgment will dismiss Plaintiff's claims under federal law for the reasons discussed in this order, *see* § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3), and will decline to consider, under the Court's supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 4, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge